E-FILED
Wednesday, 16 August, 2017  10:48:44 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |  | |
|---|---|---|---|
| GREGORY MORRIS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | 17-CV-4135 | |
| | ) | | |
| Dr. HUGHES LOCHARD, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Circ. 1972). Additionally, a court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid.  28 U.S.C. § 1915(d)(2).  Accordingly, this court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its

face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted). The court has reviewed the complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging he he suffered a severe rotator cuff injury and a detached pectoralis major (chest) muscle. He alleges he received x-rays, an ultrasound, a prescription for narcotic painkillers, at least some physical therapy, and at least 2 visits with Defendant Ma, an orthopedic surgeon at the Springfield Clinic. According to plaintiff, the surgeon advised that he would not perform surgery because of plaintiff's age. Plaintiff orally stated that Defendant Ma also suggested that if plaintiff were to incur a severe laceration, he could do surgery and repair the laceration, the rotator cuff, and the pectoralis muscle all at the same time. Plaintiff alleges Defendant Lochard, a physician at Rushville, failed to order physical restrictions and allowed his lower bunk permit to lapse. Plaintiff alleges he is forced to perform physical labor and climbing to the top bunk causes unnecessary pain. Plaintiff alleges that Defendant Blaesing, the Quality Assurance Director, has not met with him to discuss his medical options despite allegedly telling a nurse two weeks before Plaintiff filed this complaint that she would meet with Plaintiff.

Plaintiff states a claim against Defendant Lochard for the alleged failure to order physical restrictions and authorize a lower bunk permit. *See Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015) (Eighth Amendment standard applies to claims made by detainees under the Fourteenth Amendment). Plaintiff also states a claim for inadequate medical care against Defendant Ma. There is some question as to whether Defendant Dr. Ma was a state actor for purposes of § 1983, but that determination will have to be made on a more developed record.

Plaintiff does not state a claim against Defendants Blaesing and Simpson. There is no indication that either of them are responsible for, or have the authority to provide, plaintiff's medical treatment. Defendants Wexford and Springfield Memorial Clinic will be dismissed as Plaintiff's allegations do not suggest that his injuries occurred as a result of an unconstitutional policy or practice, and because Plaintiff cannot prevail in a § 1983 case solely on a theory that these defendants employed any of the defendants. *See Monell v. Dept of Social Serv. of City of New York,* 436 U.S. 658 (1978); *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009).

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a Fourteenth Amendment Due Process claim for deliberate indifference to a serious medical need against Defendants Lochard and Ma. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3. The Court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4.     With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5.     The defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants.  Therefore, no response to the answer is necessary or will be considered.

6.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  The plaintiff must mail his discovery requests and responses directly to defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendants shall arrange the time for the deposition.

8. The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11. The clerk is directed to terminate Wexford Health Sources, Inc., Springfield Memorial Clinic, Jennifer Blaesing and Sandra Simpson.

12. The clerk is directed to attempt service on the remaining defendants pursuant to the standard procedures.

13. Plaintiff's motion (#3) is GRANTED as it relates to Plaintiff's motion to proceed *in forma pauperis*, and DENIED as it relates to his motion for appointment of counsel. Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff has not shown he made a reasonable attempt to secure counsel on his own. A plaintiff usually does this by sending letters to attorneys requesting representation and attaching copies of those letters, and any response received to a motion to request counsel. As Plaintiff has not satisfied the first prong, the Court does not address the second.

14. Plaintiff's motion to the court [6] and motion for status [8] are MOOT.

Entered this 16th day of August, 2017

/s/Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE